IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARCIA ARMIJO for**
**LEONARD ARMIJO, deceased,**

      Plaintiff,

vs.                                                                Civ. No. 03-381 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Decision filed August 12, 2003. Docket No. 9. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff's former husband, Leonard Armijo ("Armijo") was not disabled prior to his death. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is not well taken and will be denied.

**I.  PROCEDURAL RECORD**

      Armijo filed his application for disability benefits on May 2, 2000, stating an inability to perform any work since March 21, 1998, due to a low back injury. Tr. 59-60, 94. The application was denied on August 25, 2000. Tr. 154-155. Armijo did not appeal this denial. Plaintiff, Marcia Armijo, the ex-wife of Armijo ("Plaintiff"), filed an application for Social Security disability insurance on May 15, 2001, purportedly on behalf of Armijo's son. Tr. 63-64. Plaintiff is alleging that Armijo

1

had a disability since March 21, 1998, due to lumbar disc disease with radiculopathy of the left lower extremity. Plaintiff's application was denied at the initial and reconsideration level.

The ALJ conducted a hearing March 12, 2002. At the hearing, the Plaintiff did not appear. However, her counsel did appear. On November 7, 2002, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R.§ 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993): Armijo did not engage in post-onset substantial gainful activity from March 21, 1998, Armijo's alleged onset date, to April 20, 2001, the date of his death; Armijo had a "severe" impairment consisting of degenerative disc disease of his lumbar spine with left lower extremity pain; Armijo's impairments do not meet or equal a listed impairment; the allegations in the record regarding Armijo's's limitations are not totally credible; Armijo had the residual functional capacity ("RFC") to perform a full range of light work; based on vocational expert testimony, Armijo could have performed unskilled, light jobs which existed in significant numbers in the national economy; Armijo's prior application for social security benefits is not reopened; and Armijo was not under a "disability," as defined in the Social Security Act, at any time through the date of his death. Tr. 19-25.

The ALJ entered his decision on April 23, 2002. Thereafter, the Plaintiff filed a request for review. On February 19, 2003, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 7. The Plaintiff subsequently filed this Complaint for court review of the ALJ's decision on March 26, 2003.

## II. STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See

Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show: 1) he is not engaged in substantial gainful employment; 2) he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; 3) his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or 4) he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Armijo sustained a work-related back injury on March 21, 1998, when he lifted a box of honey that weighed approximately 40 pounds. He received chiropractic and physical therapy treatments. An MRI was taken in July of 1998 which showed disc desiccation at two levels of Armijo's lumbar spine with disc bulges. Tr. 120. In December of 1998, January of 1999 and March of 1999, Dr. Andrew Rah diagnosed the Plaintiff with lumbar radiculopathy. Tr. 121-136. Armijo underwent another MRI on August 2, 1999 which showed degenerative disc disease at the L4-5 and L5-S-1 levels. Tr. 113. In September of 1999, Dr. Rah opined that Armijo could not return to his past relevant work or work that involved heavy lifting, prolonged standing and walking, and repetitive bending and stooping. Tr. 104.

In July of 2000, Dr. I. Yashruti, an orthopedic surgeon, conducted a consultative evaluation. Based on his findings, Dr. Yashruti stated that Armijo was able to lift 10 pounds, sit stand and walk six hours a day; squat, kneel, crouch, and crawl six hours a day; and reach with his arms as well as manipulate with his hands six hours a day. Tr. 144.

On April 20, 2001, Armijo was intoxicated and fell against his bed. The cause of death was positional asphyxia with acute alcohol intoxication. Tr. 22.

## IV. DISCUSSION

The Defendant asserts that Plaintiff's claim is barred on the grounds of administrative *res judicata* and the Social Security Act's venue statute. Defendant's claims are without merit.

Under the doctrine of administrative *res judicata*, a second-time claimant for benefits is barred from arguing the same claims raised in his first application for benefits. Neighbors v. Secretary of Health, Education & Welfare, 511 F.2d 80, 81 (10th Cir. 1984). In this matter, the ALJ specifically stated that he declined to reopen the prior application. Tr. 23. However, the ALJ also considered

4

and reappraised the evidence from the first application without deciding the administrative *res judicata* issue. Furthermore, the Appeals Council considered additional evidence submitted by the Plaintiff. This is a *de facto* reopening and thus administrative *res judicata* does not apply. Taylor v. Heckler, 738 F.2d 1112, 1114 (10th Cir. 1984).

The venue statute of the Social Security Act states, in relevant part, that in cases in which an individual is challenging the denial of a claim for social security benefits, venue is proper in the judicial district in which the individual resides. 42 U.S.C. § 405(g). The record indicates that Plaintiff resided in New Mexico when she applied for benefits. Tr. 64. It also appears that after that time she moved to Los Angeles, California. Tr. 98. Her counsel asserts he filed this matter in New Mexico because Plaintiff intended to relocate to New Mexico from California. Reply, p. 2. Thus, it appears from the record that Plaintiff was residing in California when this action was filed. However, transfer of venue is not appropriate in this matter because the Defendant waived its right to a different venue. Weinberger v. Salfi, 422 U.S. 763-764 (1975) (venue statute is waivable by the parties). Defendant did not assert this in its answer nor did Defendant raise it in a motion to dismiss. Only at the briefing phase of this matter did the Defendant assert that venue was not proper. Thus the Secretary waived any objection to Plaintiff filing in New Mexico rather than California. Headlee v. Heckler, 708 F. Supp. 1167, 1168 (Colo. 1987)("The parties, however, proceeded to file their memoranda regarding an award for widow's benefits in this proceedings. Accordingly, the Court will DENY the Secretary's motion to transfer venue.")

Plaintiff asserts that the ALJ erred in: 1) evaluating Armijo's complaints of pain; 2) discounting the opinions of Armijo's treating physicians; and 3) relying on the vocational expert's opinion.

Pain evaluation.

Plaintiff asserts that the ALJ failed to perform an analysis of Armijo's pain as required under the regulations and Tenth Circuit law. In evaluating a claim for disabling pain, the ALJ must consider: "1) whether the objective medical evidence established a pain producing impairment; (2) if so, whether there is at least a loose nexus between the impairment and the claimants subjective complaints of pain; and 3) if so, whether considering all of the evidence, both objective and subjective, the claimant's pain is disabling." Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987). Factors to be considered at step three include:

> the levels of mediation and their effectiveness, the extensiveness of the attempts (medical or non-medical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of non-medical testimony and objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391(10th Cir. 1995).

The ALJ found that Armijo had a pain producing impairment and a nexus between the impairment and the pain. Tr. 21 and 24. The ALJ then determined that the record as a whole did not support Plaintiff's claim that Armijo's pain was disabling. The ALJ specifically considered the treatment notes of Armijo's treating physician, Dr. Rah. Dr. Rah found that Armijo could not return to his past relevant work or other work involving heavy lifting, prolonged standing and walking, and repetitive bending and stooping. Tr. 104. This does not preclude sedentary work and some light work as defined 20 C.F.R. §404.1567. The ALJ properly considered that Armijo did not seek medical treatment from 1999 until the time of his death, April 20, 2001. The ALJ considered that Armijo declined back surgery and epidural injections. Tr. 22. Moreover, as noted by the ALJ, Armijo was not taking "any potent paint medications." Id. The ALJ also properly noted that the

allegations of pain were made in a statement by Plaintiff.  The ALJ properly considered Plaintiff's statement of behalf of Armijo and gave reasons for discounting this testimony.  <u>Adams v. Chater</u>, 93 712, 714 (10th Cir. 1996) ("...it is clear that the ALJ considered the testimony of claimant's wife in making his decision because he specifically referred to it in his written opinion.")  Moreover, the ALJ's decision is supported by the substantial evidence.  <u>Gossett v. Bowen</u>, 862 F.2d 802, 807 (10th Cir. 1988)("...disability requires more than the mere inability to work without pain. To be disabling, pain must be so severe...as to preclude any substantial gainful employment.").

      <u>Physician opinions</u>.

Plaintiff asserts that the ALJ's residual functional capacity (RFC) assessment disregards the opinions of Drs. Yashruti and Rah.  A review of the decision demonstrates that Plaintiff's argument is without merit.  Dr. Yashruti is a consultative physician who examined Armijo on July 10, 2000.  His opinion is not entitled to great weight.  <u>Espinosa v. Secretary of Health & Human Services</u>, 565 F. Supp. 810, 813 ( D. Kan. 1983)("...reports of government consultative physicians who examined plaintiff only once, are accorded little weight, especially when they are inconsistent with reports of treating physicians.")  Dr. Yashruti found that Armijo was capable of sitting, standing and walking six hours a day; squatting, kneeling, crouching and crawling six hours a day; and reaching with is arms and manipulating with his hands for six hours a day.  Tr. 21-22.  He also found that Armijo was not able to lift more than 10 pounds due to upper extremity problems.  Tr. 144.  Thus, except for the lifting restriction, Dr. Yashruti found that Armijo could perform most light jobs.  20 C.F.R. §404.1567(b).  Based upon the entire record, the ALJ discounted Dr. Yashruti's opinion restricting Armijo to lifting only 10 pounds.  Tr. 22.  Specifically, the ALJ noted that Plaintiff's treating physician did not restrict Armijo's lifting to 10 pounds but rather stated that Armijo's  disability

precluded "heavy lifting." Tr. 104. "Heavy lifting" involves lifting objects weighing 50 to more than 100 pounds. 20 C.F.R. §404.1567(d). Moreover, Dr. Yashruti's opinion would support a finding that Armijo could perform a full range of sedentary work. 20 C.F.R. §404.1567(a). Thus, Armijo would be found not disabled based on the "grids" pertaining to sedentary jobs. 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1, Rules 201.18, 201.19, or 201.21.

Similarly, contrary to Plaintiff's assertion, Dr. Rah's restrictions do not support a finding that Armijo was disabled. Dr. Rah found that Armijo could not do work that involved heavy lifting, prolonged standing and walking and repetitive bending and stooping. Tr. 104. However, the ability to perform a wide range of light work may be found when the worker is limited to "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §404.1567(b). Thus, the ALJ properly found that Dr. Rah's opinion does not preclude sedentary work and certain light work as defined in the regulations. Tr. 21.

<u>Armijo could perform other work.</u>

Plaintiff's final argument concerns the testimony of the vocational expert, Kevin J. Davis ("Davis"). The ALJ's decision does not require vocational expert testimony. As discussed above, Armijo could perform a wide range of light and sedentary work. When a claimant can perform most of the jobs in the category applicable to him, the ALJ may properly rely on the "grids." <u>Evans v. Chater</u>, 55 F.3d 530, 533 (10th Cir.1995) ("The grids offer a short-cut method of resolving disability questions whenever the claimant can perform a substantial majority of the work in the designated RFC category").

In this matter, the ALJ did rely on the testimony of a vocational expert. The vocational expert found that Plaintiff could have performed two jobs, food deliverer and candy cutter. Plaintiff

correctly notes that the job of a food deliver involves medium exertional abilities and Armijo would not be able to perform that job. However, the position of candy cutter is a light exertional job. The vocational expert also testified there were 4000 such positions in the New Mexico region and 45,000 positions nationally. Thus, the ALJ met his burden at step five. Id.

Plaintiff submitted an affidavit of a vocational expert from California, Gerald D. Belchick ("Belchick") to the Appeals Council. Tr. 158-159. He stated that "[e]xcept in very small, mom and pop run candy manufacturers, the job of candy cutter has been automated and no longer exists in significant numbers in the National economy." Tr. 159. The Appeals Council found that the additional evidence did not "provide a basis for changing the Administrative Law Judge's decision." Tr. 7. The Appeals Council further noted that the testimony of the vocational expert that testified at the administrative hearing and the "grids" support a finding that Armijo was not disabled. Id.

Plaintiff offers no reason that his vocational expert's opinion should be entitled to more weight than the vocational expert that testified the administrative hearing. To the contrary, Davis testified at the administrative hearing and was subject to cross-examination. Furthermore Davis testified that the job he was describing included the duty of wrapping candy and not just cutting candy. Tr. 167. It appears that Belchick was only evaluating the cutter duties of the job. Moreover, Belchick's affidavit concerned jobs in California. As discussed above, Plaintiff chose to file her claim in New Mexico and thus waived any right she had to a California venue.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**